IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHN C. NEAL                                                                    PLAINTIFF

v.                              Case No.: 4:20-cv-01034-LPR

MCKENDRA ADAMS                                                          DEFENDANT

## ORDER

Plaintiff John C. Neal filed this lawsuit alleging that Defendant McKendra Adams violated the Fair Debt Collection Practices Act ("FDCPA").[1]  Ms. Adams filed a Motion to Dismiss with Prejudice for lack of standing and for failure to state a claim.  For the reasons discussed below, the Motion is GRANTED in part and DENIED in part.  Mr. Neal's claims under 15 U.S.C. §§ 1692g and 1692e(11) are dismissed, but without prejudice.  Mr. Neal's claim under 15 U.S.C. § 1692i is not dismissed.

## I.  BACKGROUND[2]

Ms. Adams is a self-described debt collection attorney.[3]  One of her clients is Cannon Finance, Inc. ("Cannon Finance").  Cannon Finance is a company that "extends credit to consumers to finance" vehicle purchases.[4]  On August 9, 2017, Mr. Neal bought a 2004 Fleetwood Prowler ("the RV") from National Travelers RV Center.[5]  Mr. Neal financed his purchase by

---

[1] The Court construes Mr. Neal's Complaint to raise solely FDCPA claims.  The Complaint has one stray reference to a provision of the Arkansas Fair Debt Collection Practices Act.  *See* Pl.'s First Am. Compl. (Doc. 10) ¶ 5.  The Court does not construe this as asserting a cause of action under that provision.  Even if it did, that provision is the state law equivalent of 15 U.S.C. § 1692e(11).  Because the Court finds that Mr. Neal does not have standing to bring his federal § 1692e(11) claim, Mr. Neal would likewise not have standing to bring in federal court the state law version of the same claim.

[2] All facts in this Background Section are taken from Mr. Neal's First Amended Complaint and are taken as true for purposes of this Order.

[3] Pl.'s First Am. Compl. (Doc. 10) ¶ 18.

[4] *Id.* ¶ 2.

[5] *Id.* ¶ 22.

entering into a "Retail Installment Sale Contract" with Cannon Finance.[6]  Mr. Neal allegedly defaulted on the financing contract, so Cannon Finance repossessed the RV.[7]  On April 10, 2019, Cannon Finance mailed a "Mandatory Notice of Private or Public Sale," informing Mr. Neal that the RV would be sold.[8]  The proceeds from the sale did not cover the full amount of Mr. Neal's debt.

On August 30, 2019, Cannon Finance (represented by Ms. Adams) filed a lawsuit in Arkansas state court against Mr. Neal to collect the remaining amount owed.[9]  Eventually, Cannon Finance voluntarily dismissed that state court suit.[10]  Mr. Neal brings the instant federal lawsuit against Cannon Finance's attorney, Ms. Adams, based on the way Ms. Adams handled the debt collection lawsuit in state court.  Mr. Neal alleges that Ms. Adams violated the FDCPA.

*A. The Statute*

Congress passed the FDCPA to, among other things, "eliminate abusive debt collection practices by debt collectors. . . ."[11]  In this law, Congress prescribed numerous procedures that debt collectors must follow.  Relevant to this case are the procedures that govern a debt collector's "initial communication" with a debtor and the procedures that govern where a debt collector may file a lawsuit against a debtor.[12]

Whenever a debt collector initially communicates with a debtor, the debt collector must do two things.  First, the debt collector must disclose that it is "attempting to collect a debt and that

---

[6] *Id.* ¶ 24.

[7] *Id.* ¶ 26–27.

[8] *Id.* ¶ 28.

[9] *Id.* ¶ 30.

[10] *Id.* ¶¶ 49, 52.

[11] 15 U.S.C. § 1692(e).

[12] *Id.* §§ 1692e(11), 1692g, 1692i.

any information obtained will be used for that purpose. . . ."[13]   Second, within five days of the initial communication, the debt collector must provide the debtor with a so-called "verification rights notice" containing: (1) the amount of the debt; (2) the name of the creditor; (3) a statement that the debtor may dispute the debt within thirty days and that failure to dispute the debt allows the debt collector to assume the debt is valid; (4) a statement that if the debtor does dispute the debt within the thirty-day period, the debt collector will provide information verifying the debt; and (5) a statement that upon written request within the thirty-day period, the debt collector will provide the debtor with the name and address of the original creditor if that name and address is different from the current creditor.[14]   Formal legal pleadings, such as a complaint in a debt collection lawsuit, are exempted from the definition of "initial communication."[15]

If a debt collector decides to file a lawsuit against a debtor to collect the amount owed, there are only two options of where to file.[16]   One option is to file the lawsuit in the judicial district where the debtor "signed the contract sued upon."[17]   The other option is to file the lawsuit in the judicial district where the debtor resides at the time of filing.[18]

*B. Ms. Adams's Conduct*

On August 30, 2019, Ms. Adams filed the debt collection suit on behalf of Cannon Finance against Mr. Neal in the District Court of Garland County, Arkansas.[19]   Under the FDCPA, that is

---

[13] *Id.* § 1692e(11).

[14] *Id.* § 1692g(a)(1)–(5); Pl.'s First Am. Compl. (Doc. 10) at ¶ 1.

[15] 15 U.S.C. §§ 1692e(11), 1692g(d).

[16] There is a third provision, but it only relates to debts owed on real property.   Because this case is not about real property, this third option is irrelevant.

[17] 15 U.S.C. § 1692i(a)(2)(A).

[18] *Id.* § 1692i(a)(2)(B).

[19] Pl.'s First Am. Compl. (Doc. 10) ¶ 30.   The Court acknowledges that it is somewhat odd to refer to a plaintiff's attorney (as opposed to the plaintiff itself) as "filing" a lawsuit.   Usually, we speak of a plaintiff filing a lawsuit because the attorney is simply an agent of the plaintiff.   However, the FDCPA venue provision appears to be directed

the wrong place to file.  The debt collection suit should have been filed in Pulaski County, Arkansas, or Faulkner County, Arkansas.  Mr. Neal lived in Pulaski County, Arkansas, when that lawsuit was filed.[20]  Mr. Neal had signed the financing contract with Cannon Finance in Faulkner County, Arkansas.[21]

Mr. Neal hired an attorney.[22]  On October 23, 2019, Mr. Neal filed his Answer raising affirmative defenses, including improper venue.[23]  The same day, Mr. Neal also filed a Motion to Dismiss based in part on improper venue.[24]  The state court scheduled a February 28, 2020 hearing for Mr. Neal's Motion to Dismiss.[25]  On October 30, 2019, Ms. Adams filed and served an Opposition to Mr. Neal's Motion to Dismiss.[26]  That Motion was never resolved in state court because Cannon Finance would go on to voluntarily dismiss the lawsuit before the hearing date.[27]

In the meantime, discovery began.  On December 30, 2019, Ms. Adams emailed Mr. Neal's attorney responses to discovery requests.[28]  On January 8, 2020, Ms. Adams filed and served a Motion to Voluntarily Dismiss the state court lawsuit.[29]  The state court dismissed the suit without prejudice the next day.[30]  Ultimately, Mr. Neal did not have to pay any deficiency under the

---

at the lawyer (not the creditor-plaintiff) even when the lawyer is filing a lawsuit as the agent of the creditor-plaintiff. *See* 15 U.S.C. § 1692i.

[20] Pl.'s First Am. Compl. (Doc. 10) ¶ 4.

[21] *Id.*

[22] *Id.* ¶ 35.

[23] *Id.* ¶ 37.

[24] *Id.* ¶ 38.

[25] *Id.* ¶ 41; *see also* Ex. 7 (Motion Hearing Notice) to *id.* (Doc. 10-7).

[26] Pl.'s First Am. Compl. (Doc. 10) ¶ 42.

[27] *See id.* ¶¶ 49, 52 (stating that the debt collection lawsuit was dismissed on January 9, 2020).

[28] *Id.* ¶ 46; *see also* Exhibit 9 (email from Ms. Adams to Mr. Neal's attorney) to *id.* (Doc. 10-9).  Mr. Neal has provided the email from Ms. Adams to his attorney.  Mr. Neal has not provided the Court with the information contained in the attachments to that email.

[29] *Id.* ¶ 49.

[30] *Id.* ¶ 52.

contract with Cannon Finance.  In fact, Mr. Neal's instant Complaint indicates that any further attempts to collect the deficiency would be "absolutely barred under [Arkansas law]."[31]

The state court lawsuit could therefore be described as a victory for Mr. Neal.  But he does not see it that way.  On August 26, 2020, Mr. Neal filed the instant federal lawsuit.[32]  Mr. Neal alleges that Ms. Adams violated the FDCPA when Ms. Adams filed the debt collection lawsuit in Garland County, Arkansas, instead of Pulaski County, Arkansas or Faulkner County, Arkansas.[33]  Mr. Neal also alleges FDCPA violations because one of the following constituted an "initial communication" that triggered an obligation to provide a verification rights notice: (1) the Opposition to Mr. Neal's Motion to Dismiss; (2) the email containing the discovery responses; or (3) the Motion to Voluntarily Dismiss.[34]  None of these alleged "initial communications" contained a verification rights notice.[35]  No other written notices were sent within five days of any of these alleged "initial communications."[36]

In the instant case here in federal court, Ms. Adams filed a Motion to Dismiss in response to Mr. Neal's original Complaint.[37]  After Mr. Neal amended his Complaint, Ms. Adams filed a Renewed Motion to Dismiss.[38]  The briefing is complete on the Renewed Motion.

---

[31] *Id.* ¶ 7.  Mr. Neal notes that in a separate case an Arkansas state court ruled that the Mandatory Notice of Private or Public Sale that Cannon Finance used was insufficient under Arkansas law.  *Id.*  Thus, any attempts to collect a deficiency would be barred under Arkansas's Uniform Commercial Code.  *Id.*

[32] *See* Pl.'s Compl. (Doc. 1).

[33] Pl.'s First Am. Compl. (Doc. 10) ¶¶ 4, 32.

[34] *Id.* ¶¶ 42–51.

[35] *Id.*

[36] *Id.*

[37] Def.'s Mot. to Dismiss (Doc. 4).

[38] Def.'s Renewed Mot. to Dismiss (Doc. 11).  Ms. Adams's Renewed Motion to Dismiss incorporates her original Motion, so the Court may refer to both throughout this Order.

## II. DISCUSSION

Ms. Adams says Mr. Neal does not have standing to bring any of his claims.[39]  Ms. Adams's standing argument is a "facial attack."[40]  This requires the Court to accept as true all of Mr. Neal's non-conclusory factual allegations.[41]  The Court's analysis is limited solely to the face of Mr. Neal's First Amended Complaint.[42]

Article III of the United States Constitution only extends the federal judicial power to "cases or controversies."[43]  By requiring that plaintiffs have standing, federal courts ensure that they do not step outside their constitutional boundaries and render binding decisions in disputes that do not rise to the level of a case or controversy.  Thus, standing is the "irreducible constitutional minimum" that must be met before a federal court has jurisdiction to hear a plaintiff's claim.[44]

Article III standing has three requirements.  First, the plaintiff must allege that it has "suffered an 'injury in fact. . . .'"[45]  The injury "must be both concrete and particularized and actual

---

[39] Def.'s Mot. to Dismiss (Doc. 4) at 1 (arguing lack of standing for improper venue claim); Def.'s Reply to Pl.'s Opp'n to Mot. to Dismiss (Doc. 15) at 4–6 (arguing lack of standing for verification-rights-notice claim).  Ms. Adams also contends that even if Mr. Neal does have standing for his claim based on the missing verification rights notice, he has not sufficiently stated a claim upon which relief can be granted and therefore that claim should be dismissed under Rule 12(b)(6).  Ms. Adams's 12(b)(6) argument relates solely to Mr. Neal's claim about the verification rights notice.  Because the Court finds that Mr. Neal does not have standing for this claim (or the closely related claim under 15 U.S.C. § 1692e(11)), the Court does not reach the 12(b)(6) issue.  Ms. Adams has not launched a 12(b)(6) attack on Mr. Neal's improper venue claim.  For that claim, the Court is only concerned with whether Mr. Neal has standing.

[40] Def.'s Br. in Supp. of Mot. to Dismiss (Doc. 5) at 2.

[41] *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).

[42] The face of Mr. Neal's Complaint includes all materials "necessarily embraced by the pleadings and exhibits attached to the complaint."  *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012) (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)).  Any additional factual allegations contained in Mr. Neal's Opposition to the Renewed Motion to Dismiss or his Response to Ms. Adams's Notice of Supplemental Authority are not considered.

[43] *Braitberg v. Charter Communications, Inc.*, 836 F.3d 925, 929 (8th Cir. 2016).

[44] *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

[45] *Lujan*, 504 U.S. at 560.

or imminent, not conjectural or hypothetical."[46]   An injury is "particularized" when it "affect[s] the plaintiff in a personal and individual way."[47]   An injury is "concrete" when it "actually exist[s]."[48]   Second, the injury must be fairly traceable to the alleged wrongdoing of the defendant.[49]   Traceability requires "showing the injury resulted from the actions of the defendant. . . ."[50]   Third, a favorable judicial decision must be "likely" to cure the plaintiff's injury.[51]

A. *Mr. Neal's Standing for Claim Under 15 U.S.C. § 1692g*

Ms. Adams contends that Mr. Neal has not alleged an injury-in-fact.  Mr. Neal alleges that "failure to give [a debtor] the information required by [15 U.S.C. § 1692g] is a concrete harm that confers standing. . . ."[52]   There are two ways to read this.  The first way is to read it as Mr. Neal arguing that the violation of § 1692g is enough on its own to confer standing.  The second way to read it is that Mr. Neal is asserting a so-called "informational injury."[53]

Option number one, the violation-as-injury argument, is understandable yet unavailing. When Congress passes a statute that creates new rights for individuals and gives those individuals a cause of action to enforce those rights, one could be forgiven for believing that any violation of

---

[46] *Braitberg*, 836 F.3d at 929 (quoting *Lujan*, 504 U.S. at 560–61) (internal quotations omitted).

[47] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016).

[48] *Id.*  Concrete does not necessarily mean tangible.  "Various intangible harms can also be concrete.  Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts."  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021).  Mr. Neal says the harm alleged in his § 1692g and § 1692e(11) claims (failure to obtain information) are concrete because that harm "is analogous to a suit for an accounting at common law because both provide an aggrieved party the right to information important to them." Pl.'s Opp'n to Mot. to Dismiss (Doc. 14) at 17.  Whether this is a fair comparison is a question for another day.  Mr. Neal has not alleged a concrete injury because he does not allege that he was actually deprived of any information. Even if he was, he suffered no consequences from that deprivation.  *See infra* notes 59–72 and accompanying text.

[49] *Lujan*, 504 U.S. at 560.

[50] *Oti Kaga, Inc., v. S.D. Hous. Dev. Auth.*, 342 F.3d 871, 878 (8th Cir. 2003).

[51] *Lujan*, 504 U.S. at 561.

[52] Pl.'s First Am. Compl. (Doc. 10) ¶ 57.

[53] *See Ramirez*, 141 S. Ct. at 2214.

those rights would be sufficient to confer standing.[54]  For a while, many federal courts followed this line of thinking.[55]  But no longer.  In *Spokeo, Inc. v. Robins*, the Supreme Court clarified that while a violation of an individual's statutory rights may be a "particularized" injury, it is not necessarily a "concrete" one.[56]  A "bare procedural violation, divorced from any concrete harm," is insufficient under Article III because a procedural violation "may result in no harm."[57]  There must be something more than just the statutory violation.  Mr. Neal must show that the specific alleged violation caused him harm.[58]  As the Supreme Court recently noted, "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions."[59]

Option number two, the "informational injury" argument, is likewise defective.  Mr. Neal does not allege that he did not have the information required by 15 U.S.C. § 1692g.  Mr. Neal merely alleges that Ms. Adams failed to give it to him in the manner required by the FDCPA.[60] Nowhere in his First Amended Complaint does Mr. Neal claim that he did not know the amount of the debt he allegedly owed or the name of the creditor to whom the debt was owed.[61]  He does not allege that he did not know that he had an opportunity to dispute the debt.[62]

---

[54] *See Spokeo*, 136 S. Ct. at 1553 (Thomas, J., concurring) ("A plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right.").

[55] *See Braitberg*, 836 F.3d at 929–30 (discussing pre-*Spokeo* cases in which the statutory violation alone was insufficient to confer Article III standing).

[56] 136 S. Ct. at 1548.

[57] *Id.* at 1549, 1550.

[58] *Id.* at 1550 (remanding the case because the lower court "did not address . . . whether the *particular* procedural violations alleged *in this case* entail a degree of risk sufficient to meet the concreteness requirement" (emphasis added)).

[59] *Ramirez*, 141 S. Ct. at 2205 (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 332 (7th Cir. 2019) (Barrett, J.)).

[60] Pl.'s First Am. Compl. (Doc. 10) ¶¶ 42–51.

[61] 15 U.S.C. § 1692g(a)(1)–(2).

[62] *Id.* § 1692g(a)(3)–(5).  It seems impossible for Mr. Neal to claim that he did not know that he could dispute the debt, considering that by the time the alleged violation occurred he had retained an attorney and filed an Answer *disputing*

The closest Mr. Neal comes to alleging an informational injury is that "[Mr.] Neal had a valid dispute . . . because Cannon Fin[ance] used a [Mandatory Notice of Private or Public Sale] that was insufficient under [Arkansas law]."[63]  It seems that Mr. Neal is alleging that if Ms. Adams had provided a formal verification rights notice, Mr. Neal would have known about the insufficiency of the Mandatory Notice of Private or Public Sale and therefore would not have to pay the debt.  This argument is problematic because a debtor is only entitled to additional information under § 1692g if the debtor decides to dispute the debt.[64]  Here, Mr. Neal never alleges that he would have disputed the debt under § 1692g.[65]  Thus, he does not actually allege that he missed an opportunity to obtain any information.[66]  Even if he had alleged an intent to dispute the debt under § 1692g, there is no reason (from either the instant Complaint or § 1692g) to believe that Ms. Adams would have had to provide *any* information about the Mandatory Notice of Private or Public Sale as part of a formal verification under the FDCPA.[67]

Even if Mr. Neal alleged that he was *completely* deprived of *all* information under § 1692g (he does not and cannot allege this), he still did not allege any consequences from that deprivation.  "An 'asserted informational injury that causes no adverse effects cannot satisfy Article III.'"[68]  Mr.

---

*that he owed a debt to Cannon Finance.  See* Ex. 5 (Mr. Neal's Answer in state court lawsuit) to Pl.'s First Am. Compl. (Doc. 10-5) at 3.

[63] Pl.'s First Am. Compl. (Doc. 10) ¶ 7.

[64] *See* 15 U.S.C. § 1692g(a)(3)–(5).

[65] It would not make much practical sense to use § 1692g to dispute the debt, after all.  Mr. Neal was already disputing the debt in state court and had the option to pursue discovery (an option he exercised) to obtain any information he felt that he needed but did not already have.

[66] As then-Judge Barrett put it when sitting on the Seventh Circuit, Mr. Neal's First Amended Complaint merely alleges that he was "missing some information that [he] did not suggest that [he] would ever have used." *Casillas*, 926 F.3d at 334 (Barrett, J.).  *Casillas* was a case regarding insufficient notice of a debtor's verification rights under 15 U.S.C. § 1692g and was favorably cited multiple times by the Supreme Court in *Ramirez*.

[67] Verification is meant to ensure that the debt collector has identified the correct person.  *See Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1003 (8th Cir. 2011).  Mr. Neal does not allege that Ms. Adams identified the wrong person.  In the Eighth Circuit, a § 1692g verification could simply be an affidavit from the debt collector or creditor stating that its records show that this specific debtor owes a debt to the creditor.  *Id.* at 999, 1003.

[68] *Ramirez*, 141 S. Ct. at 2214 (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1004) (11th Cir. 2020)).

Neal must display "downstream consequences" flowing from the informational deprivation.[69]  But there are no such consequences alleged in the instant Complaint.  Quite the opposite, in fact.  The debt collection lawsuit was voluntarily dismissed by Ms. Adams and Cannon Finance.  Mr. Neal's own Complaint here in federal court indicates that Ms. Adams and Cannon Finance cannot successfully bring any future actions against Mr. Neal to collect the debt.  Mr. Neal did not suffer *any* consequences because of Ms. Adams's failure to provide a formal verification rights notice.

One could perhaps read Mr. Neal's references to incurring attorney fees as alleging an injury-in-fact flowing from Ms. Adams's alleged § 1692g violation.  However, there are no allegations that any portion of Mr. Neal's attorney fees were related to him not receiving a formal verification rights notice.  Instead, all references to attorney fees are in relation to his attorney raising the defense of improper venue, an allegation tied to Mr. Neal's § 1692i claim (discussed below).  Mr. Neal's instant Complaint does show that his attorney engaged in discovery, a process through which Mr. Neal and his attorney obtained information from Ms. Adams and Cannon Finance.  But there are no allegations that Mr. Neal and his attorney would have been able to avoid discovery if he had received a formal verification rights notice.  Any attorney fees related to discovery would therefore not be fairly traceable to the alleged § 1692g violation.[70]  Thus, Mr. Neal does not have standing to bring his claim against Ms. Adams under 15 U.S.C. § 1692g.

*B.  Mr. Neal's Standing for Claim Under 15 U.S.C. § 1692e(11)*

Mr. Neal's claim that Ms. Adams violated 15 U.S.C. § 1692e(11) meets the same fate as his § 1692g claim and for the same reasons.  That provision requires a debt collector to notify a

---

[69] *Id.* (quoting *Trichell*, 964 F.3d at 1004).

[70] This analysis regarding attorney fees as an injury-in-fact applies equally to Mr. Neal's claim under 15 U.S.C. § 1692e(11).  Even if he were alleging that attorney fees were an injury-in-fact flowing from that alleged violation, there are no allegations in Mr. Neal's instant Complaint to satisfy the traceability prong of standing.

debtor that the debt collector is "attempting to collect a debt and that any information obtained will be used for that purpose. . . ."[71]   Mr. Neal does not allege that he did not know Ms. Adams was a debt collector for Cannon Finance.  By the time the alleged violation occurred, Mr. Neal had hired an attorney and filed an Answer disputing the debt.  Thus, Mr. Neal had all the information required by § 1692e(11) by the time the alleged violation occurred.  There is no concrete injury.  There is no standing.

## C.  Mr. Neal's Standing for Claim Under 15 U.S.C. § 1692i

Mr. Neal claims that he has suffered an injury-in-fact because he had to pay an attorney to defend him in the state court lawsuit.[72]   Loss of money is a concrete injury-in-fact that is recoverable under the FDCPA.[73]   A favorable judicial decision in this lawsuit would therefore cure Mr. Neal's injury.  Thus, the only remaining question is whether this injury is fairly traceable to Ms. Adams's conduct.

Ms. Adams says Mr. Neal's attorney fees are not fairly traceable to Ms. Adams filing the lawsuit in an improper venue.  According to Ms. Adams, any money lost paying an attorney is only traceable to the improper venue violation if Mr. Neal "hired an attorney to defend against a

---

[71] 15 U.S.C. § 1692e(11).

[72] Pl.'s First Am. Compl. (Doc. 10) ¶¶ 4, 35, 36, 56.  Mr. Neal also alleges a concrete harm because Ms. Adams's alleged violation presented a "real risk of harm [that debtors] will either incur additional time or expense to travel to the inconvenient forum or cannot defend themselves and risk entry of a default judgment." *Id.* ¶ 55.  The *risk* of real harm is not a concrete injury sufficient to confer standing in a suit for compensatory damages.  The risk of real harm must materialize into real harm.  *See Ramirez*, 141 S. Ct. at 2210–11.  Mr. Neal does not allege that this risk of harm ever materialized into real harm (i.e., he does not allege that he traveled to Garland County, Arkansas, or that he had a default judgment entered against him for failure to appear).  Thus, this "risk" is not a concrete injury-in-fact.

Mr. Neal has also alleged that he suffered emotional distress from being sued in a foreign venue.  Pl.'s First Am. Compl. (Doc. 10) ¶ 4.  This allegation may have provided another concrete injury for Mr. Neal to bring his improper venue claim.  *See Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 691–92 (8th Cir. 2017) (finding that "the risk of mental distress" is a concrete injury for a suit under 15 U.S.C. § 1692f(1)).  Because Mr. Neal has standing to bring his improper venue claim based on incurring attorney fees in the state court lawsuit, the Court does not need to address whether the emotional distress is a separate concrete injury.  Whether Mr. Neal may recover for the alleged emotional distress is a question for a later time.

[73] The FDCPA allows the recovery of "any actual damages sustained" by a debtor because of a debt collector's violation.  15 U.S.C. § 1692k(a)(1).

11

debt collection lawsuit, but only because it was filed in Garland County instead of Faulkner County [or Pulaski County]."[74]  Put another way, Ms. Adams argues that Mr. Neal's financial injury is only traceable to Ms. Adams's alleged violation if Mr. Neal "would have proceeded pro se, if only he had been sued in the right county."[75]

Ms. Adams's analysis is too broad.  She may be correct that some of Mr. Neal's attorney fees would have been incurred even if the state court lawsuit had been filed in Pulaski County or Faulkner County.  Still, Mr. Neal alleges that he had to pay his attorney to assert the defense of improper venue.  The only reason Mr. Neal's attorney had to raise that defense is because Ms. Adams allegedly violated 15 U.S.C. § 1692i by filing the lawsuit in Garland County.  Even if the portion of Mr. Neal's attorney fees attributable to raising that defense is very small, it is still a loss of money that is fairly traceable to Ms. Adams's alleged violation.[76]  Thus, Mr. Neal has standing on his improper venue claim.

## CONCLUSION

Ms. Adams's Motion to Dismiss with Prejudice is GRANTED in part.  Mr. Neal does not have standing for his claims that Ms. Adams violated 15 U.S.C. §§ 1692g and 1692e(11).  Mr. Neal has not alleged a concrete injury as a result from any of those alleged violations.  These claims are dismissed, but without prejudice.[77]

---

[74] Def.'s Br. in Supp. of Mot. to Dismiss (Doc. 5) at 5.

[75] Def.'s Reply to Pl.'s Opp'n to Mot. to Dismiss (Doc. 15) at 2.

[76] *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 983 (2017) ("For standing purposes, a loss of even a small amount of money is ordinarily an 'injury.'").

[77] "A dismissal for lack of standing is a dismissal for lack of subject-matter jurisdiction. 'A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent.'"  *Dalton v. NPC Int'l, Inc.*, 932 F.3d 693, 696 (8th Cir. 2019) (quoting *Cnty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464–65 (8th Cir. 2004)).

The remainder of Ms. Adams's Motion to Dismiss with Prejudice is DENIED.  Mr. Neal has standing to bring his claim that Ms. Adams violated 15 U.S.C. § 1692i.  Mr. Neal has alleged a concrete injury—monetary loss—that is fairly traceable to Ms. Adams's alleged violation of § 1692i.

IT IS SO ORDERED this 29th day of September 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE